UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HEIDI HERRERA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. SA CV 13-1619-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Heidi Herrera ("Plaintiff") appeals the Commissioner's final decision denying her application for Supplemental Security Income ("SSI") benefits. The Court concludes that the Administrative Law Judge ("ALJ") properly assessed the opinion of Plaintiff's treating physician and did not commit error in determining that Plaintiff was capable of performing work available in the national economy. Therefore, the Commissioner's decision is affirmed and the matter is dismissed with prejudice.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her application for SSI benefits on February 10, 2011, alleging disability beginning March 2, 2006. The ALJ determined that, despite

having the severe impairment of anxiety disorder, Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following nonexertional limitations: "no high production or quota work; no intrusive supervision; three to five steps of moderate complexity; and no stressful environment such as complaint taking." Administrative Record ("AR") 16. The ALJ concluded, based upon the testimony of a vocational expert ("VE"), that Plaintiff could perform jobs that exist in significant numbers in the regional and national economy, and was therefore not disabled under the Social Security Regulations. AR 21-22.

## II.
## ISSUES PRESENTED

The parties dispute whether (1) the ALJ properly assessed the treating physician's opinion; and (2) the ALJ erred in determining, at step five of the sequential evaluation process, that Plaintiff could perform certain jobs notwithstanding the limitations of her RFC. See Joint Stipulation ("JS") at 3.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports

a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## IV.
## DISCUSSION

### A. The ALJ Properly Assessed the Opinion of Plaintiff's Treating Physician

Plaintiff argues that the ALJ erred in failing to give controlling weight to the opinion of her treating physician, Dr. Edgar Flores. JS at 3-10. In a Mental Disorder Questionnaire Form dated May 5, 2011, Dr. Flores provided the following opinions: Plaintiff has anxiety disorder, for which she is taking Xanax; she has weekly anxiety attacks, during which she experiences clammy hands and skin, heart palpitations, and falls to the floor; she occasionally has difficulty with sustaining focused attention due to her anxiety; she is unable to adapt to stresses common to the work environment; she would have difficulty in maintaining regular attendance at work; and her condition is expected to improve within a minimum of six months. AR 208-212.

An ALJ should generally give more weight to a treating physician's opinion than to opinions from non-treating sources. See 20 C.F.R. § 416.927(d)(2); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830. However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by

3

clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. Orn, 495 F.3d at 631-33; 20 C.F.R. § 416.927(d)(2)(i)-(ii).

Here, the ALJ's decision that Plaintiff was not disabled due to anxiety disorder was supported by substantial evidence because Plaintiff failed to carry her burden of showing that she met the durational requirement. An individual is disabled within the meaning of the Social Security Act when she "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also 20 C.F.R. § 416.909. The claimant bears the burden of establishing a prima facie case of disability. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992). This burden requires the claimant to make out a case both that she has an impairment listed in the regulations, and that she has met the duration requirement. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995); 20 C.F.R. § 416.920(d).

Even if the ALJ had credited Dr. Flores's opinion, he nevertheless would have found Plaintiff not disabled because Dr. Flores opined that Plaintiff's anxiety disorder was expected to improve and that it could be "manage[d]" within a minimum of six months. See AR 212. The testifying medical expert cited to Dr. Flores's opinion in noting that Plaintiff's anxiety disorder did not appear to meet the 12-month durational requirement. See AR 50. Plaintiff points to no other medical evidence of record to show that she meets the durational requirement. Thus, at the time the ALJ conducted the

administrative hearing, Plaintiff had not presented any evidence that her anxiety disorder was expected to last more than 12 months.

The ALJ nevertheless properly relied upon the opinions of the testifying medical expert and the State Agency reviewing physician in determining that Plaintiff retained the RFC to perform work at all exertional levels with some limited non-exertional limitations due to her anxiety disorder. AR 16, 18, 48-50, 214-24. Both the medical expert's and the State Agency reviewing physician's opinions were supported by substantial evidence and were not contradicted by any other evidence in the record. See Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) ("Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it."); Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996) ("We have held that the findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings."). Because Dr. Flores's opinion failed to establish that Plaintiff met the durational requirement, there was no other relevant evidence in the record that contradicted the opinions of the medical expert and the reviewing physician.

Plaintiff argues that, if the ALJ believed that she did not meet the durational requirement, he had a duty to recontact Dr. Flores to inquire whether Dr. Flores believed that Plaintiff's condition would improve within 12 months. JS at 9. Plaintiff's contention that the ALJ should have contacted Dr. Flores for clarification or additional evidence is not persuasive. An ALJ has a duty to recontact a treating source only where the record is ambiguous or inadequate for the ALJ to make a disability determination. See 20 C.F.R. § 416.913(b)(6); Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005); Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). However, this is not a case

5

where the evidence was inadequate to assess Dr. Flores's opinion or make a disability determination. Dr. Flores's opinion was unambiguous in its determination that Plaintiff's condition was likely to improve and be manageable within a minimum of six months. There were no other medical records subsequent to Dr. Flores's May 2011 opinion which established that Plaintiff met the 12-month durational requirement. Therefore, the ALJ did not err in rejecting Dr. Flores's opinion without recontacting him for clarification.

Accordingly, the Court finds that the ALJ properly considered the opinion of Plaintiff's treating physician. Plaintiff is therefore not entitled to relief with respect to this claim of error.

**B.    The ALJ Did Not Err at Step Five in Determining That Plaintiff Was Capable of Performing Various Jobs in the National Economy**

Plaintiff contends that the ALJ erred, at step five of the sequential evaluation process, in determining that she could perform the jobs of day worker and marker. Plaintiff argues that there is an inconsistency between the ALJ's RFC determination and the requirements of those jobs as provided in the Dictionary of Occupational Titles ("DOT"). JS at 12-16.

The ALJ posed a hypothetical to the VE which contained the following limitations: no high production quotas; no intrusive supervision; limited to three- to five-step tasks of moderate complexity; and no work in a stressful environment such as complaint taking. AR 52. Based upon this hypothetical, the VE determined that Plaintiff was capable of performing the jobs of day worker and marker. AR 52-53.

Plaintiff contends that the ALJ erred in determining that she could perform these two jobs identified by the VE, because the requirements of those jobs, as described in the DOT, are incompatible with the ALJ's RFC assessment. JS at 12-16. Plaintiff argues that the job of day worker is incompatible with the ALJ's RFC assessment limiting her to a non-stressful

environment, because the DOT description provides that the job may involve "watch[ing] children to keep them out of mischief." Plaintiff contends that, because watching children is stressful, she cannot perform the job of day worker consistent with her RFC. Id. at 12-13. Plaintiff also claims that the job of marker is incompatible with the ALJ's RFC limitation to no high production or quota work because the DOT provides that one of the duties of the job is to mark and attach price tickets to articles of merchandise. Plaintiff argues that a person acting as a marker would have to mark items quickly, and therefore, this job requires high production or quota work, something which she is precluded from performing. Id. at 13-14.

      The Court does not perceive that there is an apparent conflict between the DOT listings for day worker and marker and the ALJ's RFC. Plaintiff offers no legal support, aside from her own personal belief, for her contention that there is a conflict between a limitation to a nonstressful environment and the job of day worker, or between a limitation to no high production or quota work and the job of marker. Nor has the Court been able to find any authority supporting Plaintiff's position. Additionally, Plaintiff's counsel did not cross-examine the VE's testimony at the hearing, a failure that left the VE's assessment essentially unchallenged. See Solorzano v. Astrue, No. 11-369, 2012 WL 84527, at *6 (C.D. Cal. Jan. 10, 2012) ("Counsel are not supposed to be potted plants at administrative hearings. They have an obligation to take an active role and to raise issues that may impact the ALJ's decision while the hearing is proceeding so that they can be addressed.").

      The ALJ was entitled to rely upon the VE's expertise in finding that Plaintiff was capable of performing the jobs of day worker and marker at step five of the sequential evaluation. "A VE's recognized expertise provides the necessary foundation for his or her testimony." Bayliss, 427 F.3d at 1218. Where the hypothetical that the ALJ poses to the VE contains all of the

limitations that the ALJ finds credible and which are supported by substantial evidence in the record, the ALJ properly relies upon the VE's testimony. Id. at 1217. Here, in formulating his hypothetical to the VE, the ALJ properly relied upon the opinions of the testifying medical expert and the State Agency reviewing physician in determining that Plaintiff could perform work at all exertional levels with certain non-exertional limitations due to her panic disorder. As discussed above, the ALJ properly rejected the treating physician's opinion, and was therefore not obligated to include in the hypothetical to the VE any greater limitations than those found by the medical expert and the reviewing physician.

Accordingly, because there was no conflict between the ALJ's RFC assessment and the requirements of the jobs of day worker and marker as described in the DOT, the ALJ properly concluded that Plaintiff was capable of performing jobs available in the national economy at step five of the sequential evaluation. Plaintiff is therefore not entitled to relief on this claim of error.

V.

CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the matter is DISMISSED with prejudice.

Dated: April 22, 2014

DOUGLAS F. McCORMICK
United States Magistrate Judge